```
                                                        ┌─────────────────┐
                                                        │  F I L E D      │
    IN THE UNITED STATES DISTRICT COURT                 │   JUL 2 2 2013  │
    FOR THE EASTERN DISTRICT OF VIRGINIA                └─────────────────┘
                Richmond Division                       CLERK, U.S. DISTRICT COURT
                                                              RICHMOND, VA
```

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:08CR389–HEH
)
MICHAEL L. MOORE, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Michael L. Moore, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 (the "§ 2255 Motion") to vacate, set aside, or correct his sentence. In his § 2255 Motion, Moore raises the following grounds for relief:

| | |
|---|---|
| Claim 1 | At trial, counsel failed to: (a) challenge the admission of evidence reflecting that Petitioner "had not paid taxes for the prior five years preceding his arrest" (Mem. Supp. § 2255 Mot. (ECF No. 60) 11); (b) challenge the prosecution's expert testimony (*id.* at 9); and, (c) request "a jury charge that required the jury to consider a 'user' theory of defense," (*id.* at 7). |
| Claim 2 | At sentencing, counsel failed to challenge the 180-month consecutive sentence the Court imposed for Moore's conviction for possession of a firearm in furtherance of a drug trafficking offense. (*Id.* at 12–13.) |
| Claim 3 | On appeal, appellate counsel performed deficiently by failing to challenge the expert testimony and by failing to argue the marijuana recovered from Moore's person was consistent with personal use. (*Id.* at 16–17.) |

The Government has responded. Moore filed a reply. The matter is ripe for disposition.

## I. Procedural History

A grand jury charged Moore with possession of marijuana with intent to distribute (Count One); possession of firearm and ammunition by a convicted felon (Count Two); and possession of a firearm in furtherance of a drug trafficking offense (Count Three). (Indictment 1–2.) Thereafter, a jury found Moore guilty of all three counts.

At sentencing, the Court determined that Moore qualified as a career offender. (Feb. 20, 2009 Tr. 11–13.) The Court sentenced Moore to 60 months on Count One, 120 months on Count Two, and 180 months on Count Three, all to be served consecutively. (J. 2.)

Moore appealed to the United States Court of Appeals for the Fourth Circuit. On appeal, Moore challenged, *inter alia*, the sufficiency of the evidence to support his conviction on Count One. *United States v. Moore*, 350 F. App'x 793, 794 (4th Cir. 2009). In rejecting that challenge, the Fourth Circuit stated:

> In order to establish a violation of 21 U.S.C. § 841(a)(1), the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. *United States v. Randall*, 171 F.3d 195, 209 (4th Cir.1999). Moore asserts the Government failed to meet its burden of proof on the third element.
> To establish this element, the Government called DEA Task Force Agent Phil Johnakin, who testified as an expert on the pricing, packaging, and distribution of marijuana in Virginia. According to Johnakin, marijuana is "typically packaged in plastic bag corners, for smaller amounts, which are knotted . . . and cut." The drugs seized from Moore were packaged in this manner, and each baggie contained between 1.5 and 2 grams of marijuana. Johnakin opined that each baggie would sell for approximately $20, which was consistent with the $265 in five, ten, and twenty dollar bills found on Moore. Finally, Johnakin testified that drug dealers frequently carry firearms to protect themselves, their drugs, and their money. Officer Frye, one of the police officers on the scene of

2

Moore's arrest, testified that Moore removed a firearm from his waistband and threw it into a nearby bush prior to being apprehended.

Johnakin expressed his expert opinion that, "based on everything, ... [Moore's possession of marijuana was] inconsistent with personal use, and more consistent with possession with the intent to distribute." Johnakin elaborated, noting his opinion was "[b]ased on the manner [in] which the drugs were packed, based on the amount of currency-or the manner of the currency, the 10s and 20s and 5s, as well as the firearm being in close proximity to all the above."

Taken in the light most favorable to the Government, this evidence was more than sufficient to satisfy the Government's burden and to permit a reasonable trier of fact to find Moore guilty of Count One.

*Id.* at 794–95 (alterations and omissions in original) (internal citation omitted).

## II. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Alleged Ineffectiveness at Trial

#### 1. Failure to Challenge the Evidence Pertaining to Moore's Lack of Reported Income

In Claim 1(a), Moore faults counsel for not objecting to the admission of evidence reflecting that Petitioner "had not paid taxes for the prior five years preceding his arrest." (Mem. Supp. § 2255 Mot. 11.) Apparently, Moore challenges the Government introduction of a document from the Virginia Employment Commission reflecting that Moore "does not have reported income for the past five years." (Nov. 17, 2008 Tr. 120; *see* Nov. 17, 2008 Tr. 78.) Moore fails to specify why he believes this evidence was objectionable. Such evidence obviously tended to show that the $265 recovered from Moore's person on the date of his arrest were the proceeds of Moore's illegal drug trafficking. Thus, counsel reasonably declined the objection urged here by Moore. Claim 1(a) will be dismissed.

#### 2. Failure to Challenge Expert Testimony

In Claim 1(b), Moore faults counsel for not objecting to Agent Johnakin's expert testimony that, "based on everything, . . . [Moore's possession of marijuana was] inconsistent with personal use, and more consistent with possession with the intent to distribute." (Nov. 17, 2008 Tr. 71; *see* Mem. Supp. § 2255 Mot. 10.) Moore contends that such testimony was objectionable because it embraced the ultimate fact that Moore intended to engage in the crime charged. (Mem. Supp. § 2255 Mot. 10.) Agent Johnakin did not directly comment on Moore's intent, an element of the crime charged. Rather, he merely gave an expert opinion about common criminal practices and how those

circumstances compared to those presented here. Because such testimony is permissible, counsel reasonably eschewed the objection urged here by Moore. *In re Sealed Case*, 99 F.3d 1175, 1178–79 (D.C. Cir. 1996); *United States v. Navarro*, 90 F.3d 1245, 1260 (7th Cir. 1996). Because Moore fails to demonstrate deficiency on the part of counsel, Claim 1(b) will be dismissed.

### 3.     Failure to Demand a Jury Instruction

In Claim 1(c), Moore asserts that counsel should have demanded a jury instruction "that required the jury to consider a 'user' theory of defense." (Mem. Supp. § 2255 Mot. 7.) Even if counsel had requested an instruction requiring the jury to consider the lesser included offense of simple possession of marijuana, no reasonable probability exists that the jury would have found Moore guilty of that charge. Overwhelming evidence supported the inference that Moore possessed the marijuana with the intent to distribute the same, including the manner of packaging of the drugs seized, the money seized from Moore, and Moore's lack of any reported income. Moreover, Moore did not have on his person a method for smoking the marijuana such as a pipe or rolling papers. Accordingly, Claim 1(c) will be dismissed.

### B.     Alleged Ineffectiveness at Sentencing

In Claim 2, Moore faults counsel for not objecting to his 180-month sentence on Count Three for his violation 18 U.S.C. § 924(c).[1] Moore insists that this sentence "is in

---

[1] The statute provides:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who,

excess of the statutory maximum by 10-years." (Mem. Supp. § 2255 Mot. 13.) Moore is wrong. "The statutory maximum punishment for a violation of § 924(c), however, include[s] a possible term of life imprisonment." *United States v. Todd*, 521 F.3d 891, 894 (8th Cir. 2008) (citing *United States v. Davidson*, 437 F.3d 737, 741 (8th Cir. 2006)). Counsel reasonably declined to pursue the meritless objection urged here by Moore. Claim 2 will be dismissed.

### C. Alleged Deficient Performance of Appellate Counsel

In Claim 3, Moore faults appellate counsel for failing to challenge the Government's expert testimony and for failing to argue the marijuana recovered from Moore's person was consistent with personal use. Appellate counsel argued that the marijuana recovered from Moore was consistent with personal use. Reply Brief of the Appellant at 3, *United States v. Moore*, 350 F. App'x 793 (4th Cir. 2009) (No. 09–4189), 2009 WL 2405351. Furthermore, Moore's challenge to the Government's expert testimony lacks merit. *See supra* Part II.A.2. Thus, Moore fails to demonstrate deficiency or prejudice. Accordingly, Claim 3 will be dismissed.

---

during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
    (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A).

## III. Conclusion

The § 2255 Motion (ECF No. 59) will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Moore has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 22, 2013
Richmond, Virginia

7